Edward A. Keane*
Cornelius A. Mahoney•
Garth S. Wolfson•

Jorge A. Rodriguez

Of Counsel
Stephen J. Murray

*Also admitted in NJ
+Also admitted in CT

# MAHONEY & KEANE, LLP
*Attorneys at Law*
*11 Hanover Square - 10th Floor*
*New York, New York 10005*
*Telephone (212) 385-1422*
*Facsimile (212) 385-1605*
*lawoffices@mahoneykeane.com*

Connecticut Office

14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
(203) 222-0252



October 21, 2009

**BY HAND**

Hon. Richard M. Berman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

                Re:  **Case No. 09 Civ. 00769 (RMB)**
                      GE SeaCo S.R.L. v. EP Carriers Pte. Ltd.
                      **Our File No. 12/3786**

Honorable Sir,

      We represent the plaintiff in the above-referenced action and write in response to the Court's order dated October 20, 2009. We submit that, given the special circumstances in this case, the action should be restored to the calendar and the attachment should remain in place. We also request that the directive requiring us to advise the Court by October 27, 2009 of the restrained funds' release be stayed for ten business days from entry of the any order denying plaintiff's request for the above relief.

      Initially, we note that the mandate in the *Jaldhi* decision has yet to even issue, and a motion for stay and further review is likely. Moreover, plaintiff has undertaken the expense of foreign proceedings in reliance on the security obtained in New York. Opportunities to secure the claim through other means may now be forever lost as a result. Surely, as a matter of equity at the very least, it makes sense to wait and see how *Jaldhi* flushes out before acting precipitously to the great prejudice of plaintiff. *See, Margo v. Weiss*, 213 F.3d 55, 60 n.2 ("It may be that 'in some exceptional cases, courts may shape relief in light of disruption of important reliance interests or the unfairness caused by unexpected judicial decisions.'") (quoting *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 761-62 (1995)).

MAHONEY and KEANE

In addition, *Jaldhi* expressly held that it applied only to eft's while in transit at an intermediary bank. Here, the funds have been transferred to a stationary account, the Court's registry. Nor, in the wake of *Jaldhi*, has there yet been an opportunity to seek discovery from the garnishee bank about whether the funds were previously moved to another account and validly reattached. As the Court of Appeals held in *Reibor Int'l Ltd. v. Cargo Carriers (KACZ-Co.), Ltd.*, 759 F.2d 262 (2d Cir. 1985), even if the funds need not have been initially restrained by the bank, they might be validly re-attached thereafter.

Finally, a strict reading of the Court's October 20, 2009 order requires release of the funds before plaintiff's opportunity to be heard has been afforded. Indeed, it would seem to run contrary to Rule 62, which provides for an automatic ten-day stay from entry of orders vacating Rule B attachments. *See, generally, Rizzo-Bottiglieri de Carlini Armatoris P.A. v. Industrial Carrier, Inc.*, No. 08 Civ. 8391 (SAS), 2008 U.S. Dist. LEXIS 87458 (S.D.N.Y. Oct. 14, 2008).

We thank the Court for its consideration.

                          Respectfully submitted,

                          MAHONEY & KEANE LLP

By: _____
      Garth S. Wolfson

cc (via e-mail):  All Parties

---

Defendant may respond by letter (2-3 pp) by 10/30/09, as directed in the Court's 10/20/09 order.

SO ORDERED:
Date: 10/27/09    *Richard M. Berman*
Richard M. Berman, U.S.D.J.